IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | No. 3:15-cr-00501-N-2 |
| | § | |
| MANUEL MARCUS HOWARD, | § | |
| #50901-177 | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Manuel Marcus Howard's motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 128. For the following reasons, the motion is **denied.**

I.

Howard and accomplices robbed several convenience stores at gunpoint. *See* Doc. 53-1 at ¶¶ 7-19. He pleaded guilty to four counts of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, and one count of discharging a firearm during one of those robberies, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Doc. 69 at 1. On April 21, 2016, the Court sentenced him to 70 months on each of the robbery counts to run concurrently with each other and 120 months on the § 924(c) charge to run consecutively to the robbery counts. *Id.* at 2. Howard did not appeal. He filed a motion to vacate the judgment under 28 U.S.C. § 2255, which was denied in 2018. *See Howard v. United States*, No. 3:17-cv-1981-N-BK (N.D. Tex. Apr. 16, 2018).

In 2023, Howard filed the pending motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 128. He argues that a sentence reduction is appropriate because: (1) he was only 19 when he committed the crimes and has served "44.5% of [his] full-term and 50.4% of [his] statutory sentence," (2) he has earned his G.E.D. and completed other rehabilitation programs, (3)

he was not given a mental health evaluation before sentencing despite having documented mental health disorders, and (4) he would not receive the same sentence today. *See* Doc. 128.

II.

A prisoner seeking compassionate release must show that (1) "extraordinary and compelling reasons" justify the reduction of his sentence, (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Jackson*, 27 F. 4th 1088, 1089 (5th Cir. 2022); 18 U.S.C. § 3582(c)(1)(A).[1]

Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that may merit compassionate release. Rather, Congress elected to delegate its authority to the Sentencing Commission. *See* 28 U.S.C. § 994(t). The Sentencing Commission has issued a policy statement providing for six types of "extraordinary and compelling reasons" that may justify a sentence reduction: (1) medical conditions, (2) age, (3) family circumstances, and (4) abuse of defendant while in custody, (5) other reasons, and (6) an unusually long sentence. U.S.S.G. § 1B1.13.

Starting with Howard's age at the time of the crime, there are no Fifth Circuit cases considering whether this can be a compelling reason for a compassionate release, and district court cases that have considered this issue have come to different conclusions. *See United States v. Hickman*, 2024 WL 13405767, at *7 (E.D. Tex. Mar. 13, 2024).

---

[1] Additionally, before seeking relief from the court, a defendant must submit a request to the warden of his facility to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait for the lapse of 30 days after the warden received the request. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Garrett*, 15 F.4th 335, 337, 338 (5th Cir. 2021) ("[A]n inmate has two routes by which he may exhaust his administrative remedies. Both begin with 'requesting that the [BOP] bring a motion on the defendant's behalf.'") (citation omitted). But the government must raise the exhaustion defense—the Court cannot do it *sua sponte*. *See United States v. McLean*, No. 21-40015, 2022 WL 44618, at *1-2 (5th Cir. Jan. 5, 2022) (vacating the denial of a compassionate release when the government did not raise the exhaustion issue). Here, because the Government has not filed a response and therefore has not raised the exhaustion defense, the Court assumes that Howard has exhausted his compassionate release claims.

Here, the Court, in its discretion, does not find that Howard's youth at the time of the crimes warrants a sentence reduction. The Court already took Howard's age into consideration when it sentenced him. *See United States v. Acosta*, 584 F. App'x 276, 277 (5th Cir. 2014) ("Age and lack of guidance as a youth are factors that may be considered under § 3553(a)."). In fact, Howard's counsel argued that his youth warranted a downward departure, and the Court disagreed. *See* Doc. 124 at 12 ("And so I'm going to deny the request for a downward variance; find that the Guideline range is reasonable. It's a high sentence in this case for a young man, but it's certainly in keeping with the number of offenses that you committed in this case, Mr. Howard."). Howard presents nothing new here that would justify a sentence reduction. *See United States v. Clark*, 2023 WL 2815152, at *8 (E.D. Tex. Apr. 6, 2023) (acknowledging that "[j]uveniles are different from adults" but refusing to find that the defendant's age at the time of the crime was an extraordinary circumstance warranting a sentence reduction under § 3582(c)(1)(A) where "[the defendant's] youth at the time of his offenses…was taken into account during sentencing.").

Next, Howard complains that he was not given a mental health evaluation before sentencing. To the extent that Howard claims that his sentence is invalid because he was not given a mental health evaluation, "a prisoner cannot use § 3582(c) to challenge the legality or duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153." *United States v. Escajeda*, 58 F. 4th 184, 187 (5th Cir. 2023). So, Howard is not entitled to a compassionate release based on an alleged sentencing error.

Next, Howard claims that he would not receive the same sentence today, but he does not explain why, and it is not evident to the Court. He cites a district court case from the Eleventh Circuit, *United States v. Louis*, No. 21-cr-20252, 2023 WL 2240544, at *1 (S.D. Fla. Feb. 27, 2023), in which the court granted relief under Federal Rule of Criminal Procedure 34 because the

Hobbs Act robbery jury instructions were overbroad. But Howard fails to explain how that case helps him. He did not have a jury trial, so there were no jury instructions in his case. And, at any rate, an argument challenging the validity of jury instructions in a compassionate release motion would be foreclosed under *Escajeda*. At bottom, he fails to establish that he would not receive the same sentence today, so this is not a compelling reason for a sentence reduction.[2]

Finally, Howard points to his rehabilitation efforts while in prison. But, while laudable, a defendant's rehabilitation is not alone sufficient to justify a sentence reduction under § 3582(c)(1)(A). *See*, *e.g.*, *United States v. Hudec*, No. 4-91, 2020 WL 4925675, at *5 (E.D. Tex. Aug. 19, 2020) ("While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone."). Put differently, because Howard has failed to establish any other extraordinary circumstance, his rehabilitation efforts alone do not warrant a compassionate release.

### III.

Even if Howard demonstrated extraordinary and compelling circumstances justifying his release, the Court must consider the sentencing factors. 18 U.S.C. § 3553(a). Based on the record as a whole and after weighing the sentencing factors, the Court finds in its discretion that they do not support a sentence reduction. *See United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) ("compassionate release is discretionary, not mandatory"). Howard is incarcerated for a series of armed robberies in which he brandished firearms and threatened to shoot store clerks, in

---

[2] Even if Howard had established a change in law that would result in a different sentence today, he has not shown a compelling reason for a sentence reduction under the applicable policy statement, pursuant to which a change in the law can be an extraordinary circumstance if (1) the defendant received an "unusually long sentence," (2) he has served at least ten years of that sentence, and (3) there is a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). Without addressing whether Howard could show his sentence is "unusually long" or whether a "gross disparity exists," the Court notes that Howard has not served ten years of his sentence.

one instance pistol whipping the clerk, resulting in the accidental discharge of the weapon. Doc. 53-1 at ¶¶ 10-13. At sentencing, the Court described Howard's offenses as "serious robberies." Doc. 124 at 11. And in light of the serious nature of the offenses, the Court imposed the 190-month sentence.

Thus, reducing Howard's sentence now will not adequately reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public from further crimes. To date, Howard has served little more than half of his sentence, and his projected release date is not until November 2, 2029. *See United States v. Thompson*, 984 F.3d 431, 433-34 (5th Cir. 2021) (reserving compassionate release for defendants who "had already served the lion's share of their sentences"); *see also* Inmate Locator (bop.gov) (last visited July 8, 2024).

Howard relies on his rehabilitation efforts, good conduct, and programming. The Court commends Howard for all his hard work and achievements; yet even considering *Conception v. United States*, the Court finds that the § 3553(a) factors do not support a sentence reduction at this time. 597 U.S. 481, 486 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

IV.

Howard's motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 128) is **denied.**

**So ordered**, this 12th day of July, 2024.

_____
DAVID C. GODBEY
CHIEF UNITED STATES DISTRICT JUDGE